*852 OPINION.
Trammell:
The petitioner contends that the reserves set up by it for shrinkage were in the nature of accruals and should be allowed as such to the amount of allowances made by it for each year.
At the time these reserves were set up the petitioner was not in possession of the information necessary to determine what adjustments, if any, would be required, nor does the evidence disclose that the cotton had been weighed in order to establish the existence of a liability before the close of the taxable year. The amounts set up on the boobs to provide for necessary future adjustments were noth *853 ing more than an estimate of future liabilities which would not result or be determined until the cotton was weighed and found to be short in weight. The fact that the experience of petitioner’s officers enabled it to approximate closely the amounts subsequently allowed is not sufficient to take those amounts out of the class of estimates of future undetermined losses and put them into the class of accruals. See Appeal of Morrison-Ricker Mfg. Co., 2 B. T. A. 1008, and cases cited, and Appeal of Helvetia Milk Condensing Co., 5 B. T. A. 271.
The action of the respondent in disallowing the reserves deducted by the petitioner was correct. The credits and refunds of $7,143.97 and $32,031.92 are allowable deductions for the years in which they were made in the absence of evidence that shortages in weight of cotton had been determined prior thereto. We base our decision upon the fact that we have no evidence as to whether the cotton or any part thereof had actually been weighed before the close of the taxable years.
From the evidence submitted in connection with the deduction of $5,300 as a reserve for exchange, we are unable to find that the respondent’s action in disallowing this deduction was erroneous.
On August 31, 1920, a portion of actual cotton against which the future contracts had been sold was still unsold. The future contracts against the unsold cotton had never been closed out, but were still outstanding. The loss of $5,000 computed by the petitioner on its hedging operations was an anticipated loss and not an actually sustained loss. Therefore, the reserve deducted by the petitioner for such loss was properly disallowed.

Judgment will be entered on 15 days' notice, under Rule 60.